IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARGARET NELSON, | ) | Civil Action No. 4:05-cv-2116-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| INA USA CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The *pro se* plaintiff filed a complaint on July 26, 2005, asserting a claim for wrongful termination. Defendant filed an answer on September 2, 2005, denying the allegations and asserting affirmative defenses. Defendant filed a Motion to Dismiss for Lack of Prosecution on April 13, 2006. The undersigned issued an order filed April 14, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion to Dismiss procedure and the possible consequences if she failed to respond adequately. This Roseboro Order was sent to plaintiff via regular mail and certified mail with return receipt. The mail was returned as "Unclaimed" and "Return to Sender." (Document #18). Plaintiff failed to respond to the Motion to Dismiss. On October 2, 2006, the undersigned issued a second order giving plaintiff ten (10) days from the date of the order to respond to the defendant's Motion to Dismiss for Lack of Prosecution. Further, plaintiff was informed that if she did not respond, the case may be dismissed pursuant to Federal Rules of Civil Procedure 41(b), and that dismissal would be considered an adjudication on the merits, i.e., with prejudice. On October 16, 2006, plaintiff filed a motion for an extension of time to file a response. (Doc. #20). On October 24, 2006, the undersigned issued an order granting

plaintiff's motion for extension of time giving plaintiff ten (10) days from the date of the order to respond to defendant's motion to dismiss for lack of prosecution. (Doc. #21).

Plaintiff filed a response on November 1, 2006, stating "I agree to the Defendants Motion to Dismiss this Action." (Doc. #22).

### DEFENDANT'S MOTION TO DISMISS

In the Motion to Dismiss for Lack of Prosecution, defendant set out a list of dates in which plaintiff was served discovery requests by Certified Mail and attached copies of numerous letters notifying plaintiff by certified letter that she needed to respond. (Defendant's Exhibits F, G, I, K, O, N, P). On March 14, 2006, defendant sent plaintiff a letter via Certified Mail recounting all previous attempts to obtain responses to the discovery requests and warning plaintiff that if she did not respond by March 31, 2006, defendant would move to dismiss the case. Plaintiff did not claim the letter and it was returned to defendant. (Defendant Exhibit O). Defendant also scheduled plaintiff's deposition for April 10, 2006, and noticed plaintiff on March 14, 2006, via Certified Mail which was returned unclaimed. (Defendant's Exhibits P, Q). Defendant asserts that it also attempted to serve plaintiff by process server, but after several attempts, he was unable to locate plaintiff. (Defendant's Exhibits R, S). On April 6, 2006, Betsy Brooks, a paralegal for defendant's counsel, left a message on plaintiff's answering machine about the scheduled deposition but she still failed to appear. (Defendant's Exhibits T, M). Defendant states that "counsel for defendant has not received any responses to defendant's discovery requests, nor has plaintiff communicated to counsel for defendant in any manner since January 4, 2006, regarding the discovery requests or any other matter involving this case." (Defendant's memorandum p. 4). Defendant asserts that if plaintiff has moved, she has

not complied with the Court's order explicitly directing plaintiff to immediately notify the court in writing if the address changes and warning that the case may be dismissed for violating the order. Defendant contends that it has been prejudiced by the inability to conduct discovery.

As stated above, plaintiff filed a response on November 1, 2006, stating that she agrees with defendant's motion to dismiss her action.

## **FAILURE TO PROSECUTE**

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff apparently is proceeding pro se. Therefore, she is entirely responsible for her actions. It is solely through plaintiff's neglect that no responses have been filed to defendant's discovery requests. Further, on October 24, 2006, plaintiff responded stating that she agreed with defendant's motion to dismiss her action for failure to prosecute. The undersigned has considered the factors as set out above and concludes the plaintiff has abandoned her lawsuit.

3

Plaintiff has had ample opportunity to respond to defendant's discovery. She has prejudiced the defendant by not participating in discovery and meeting scheduled deadlines. No other reasonable sanctions are available. Furthermore, as previously stated, plaintiff filed a response stating that she agreed with defendant's motion to dismiss this action. It is therefore,

RECOMMENDED that defendant's Motion to Dismiss for Lack of Prosecution (document #16) be granted and this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 30, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**